UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

TROY WALLACE,

              Plaintiff,

-against-

PROBATION OFFICER FELICIA SPEIGET;
PROBATION OFFICER SUPERVISOR
KAPLAN; JUSTICE MARRARO,

              Defendants.

----------------------------------------X

MEMORANDUM
AND ORDER
04-CV-2821 (DGT)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 0 1 2005 ★
P.M.
TIME A.M.

TRAGER, United States District Judge:

Plaintiff[1] brings this *pro se* action pursuant to 42 U.S.C. § 1983 alleging "malicious prosecution and slander" because his probation officer provided "false information about the status of [his] probation." Complaint at IV, V. Plaintiff also alleges he was denied counsel at his arraignment, denied the right to speak on his own behalf, and remanded "without knowing the charges" against him. Id. at IV. It is unclear what plaintiff is requesting when he states the relief he seeks: "the space on the receipt received from reporting to the automated response management system (ARMS) marked messages be utilized by probation officers." Id. at ¶ V. The complaint was transferred to this Court from the United States District Court, Southern District of New York. The Court grants plaintiff's request to proceed *in forma pauperis*

---

[1] Plaintiff filed this instant action while he was incarcerated at Rikers Island. According to the New York State Department of Corrections inmate locator service, plaintiff is incarcerated at Franklin Correctional Facility, P. O. Box 10, Malone, New York 12953. http://nysdocslookup.docs.state.ny.us. It is the plaintiff's responsibility to keep the Court apprised of his current address. The Clerk of Court shall note plaintiff's change of address on the docket. However, if plaintiff is moved in the future, he must notify the Court.

1

pursuant to 28 U.S.C. § 1915 and grants plaintiff thirty days to amend his complaint as directed below.

Standard of Review

Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or employee of a governmental entity." 28 U.S.C. § 1915A. Upon review, a district court shall dismiss a prisoner's complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." Id.; Liner v. Goord, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that under PLRA, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but mandatory); see also Tapia-Ortiz v. Winter, 185 F.3d 8, 11 (2d Cir. 1999). The Court construes plaintiff's pleadings liberally, particularly because they allege civil rights violations. Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); McEachin v. McGuinnis, 357 F.3d 197 (2d Cir. 2004).

Discussion

Plaintiff's claim states in its entirety:

> I was unjustly incar[cer]ated due to my probation officer giving false information about the status of my probation, then I was denied counsel at arraignment, denied the right to remain free pending the outcome of my hearing, denied the right to speak on my behalf and remanded without knowing the charges against me.
> When I asked probation officer Kaplan "why am I here," his response was, "if you don't know that's to[o] damn bad."

Complaint at IV. Plaintiff was apparently arrested while on probation and arraigned on those charges in state court. That is as much as the Court can discern from plaintiff's complaint. Plaintiff does not provide any dates for his arrest, arraignment or whether he pursued his right to

2

appeal the revocation of his probation in state court.

Plaintiff's complaint seeks damages and "that the space on the receipt received from reporting to the automated response management system (ARMS) marked message be ut[i]lized by probation officers. Since I was never told by my p[robation] o[fficer] about a court date and there was no messages in the slot there was no way of know[ing] this fact." Complaint at V.

Unless the charges against plaintiff have terminated in his favor, plaintiff's claim for damages under 42 U.S.C. § 1983 is barred by the Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Supreme Court ruled that a § 1983 claim for damages arising from an arrest which implicates the validity of the plaintiff's underlying conviction or sentence is barred unless the underlying conviction is invalidated. Before bringing an action for damages, a plaintiff must first succeed in overturning his conviction or having it declared invalid, whether by an administrative board, state court, or in a federal habeas corpus proceeding. See id. at 486-87; see also Amaker v. Weiner, 179 F.3d 48 (2d Cir. 1999) (dismissal under Heck is without prejudice; if plaintiff's conviction is declared invalid or called into question by a federal court's issuance of a writ of habeas corpus, the suit may be reinstated). The Supreme Court recently affirmed this determination in Wilkinson v. Dotson, --- U.S. ----, ----, 125 S.Ct. 1242, 1248 (2005) (discussing Heck, 512 U.S. 477).

Finally, plaintiff names Justice Marraro as a defendant. Judges are immune from a suit for damages for their judicial acts performed in their judicial capacities. Mireles v. Waco, 502 U.S. 9, 11 (1991). The absolute judicial immunity of the court and its members "is not overcome by allegations of bad faith or malice," and a judge cannot be "deprived of immunity because the action he took was in error . . . or was in excess of his authority." Id. at 11, 13 (quotation

omitted). The Supreme Court has specifically applied the doctrine of judicial immunity to § 1983 cases. Pierson v. Ray, 386 U.S. 547 (1967). Thus, the claim against Justice Marraro is dismissed. 28 U.S.C. § 1915A.

Leave to Amend

In light of plaintiff's *pro se* status, the Court grants plaintiff thirty days to amend his complaint. See Cruz v. Gomez, 202 F. 3d 593 (2d Cir. 2000) (*pro se* plaintiff should be afforded opportunity to amend complaint prior to dismissal). Plaintiff must allege all the facts giving rise to his claim that defendants violated his constitutional rights. Plaintiff should provide the dates of all relevant events, the location(s) the events took place and a description of what actually occurred.

Conclusion

The complaint against defendant Marraro is dismissed. 28 U.S.C. § 1915A. If plaintiff chooses to replead his claims against the two remaining defendants, he is hereby directed to file an amended complaint clearly stating his claim and the facts underlying his claim against the defendants. The amended complaint must be signed and submitted to the Court within thirty days of the date of this Order, be captioned as an "AMENDED COMPLAINT," and bear the docket number 04-CV-2821.

No summons shall issue at this time and all further proceedings shall be stayed for thirty days for plaintiff to comply with this Order. If plaintiff fails to comply with this order within the time allowed, the complaint shall be dismissed for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915A. Once submitted, the amended complaint shall be reviewed for compliance with this order and for sufficiency under 28 U.S.C. § 1915A. The Court certifies

4

pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

David G. Trager
United States District Judge

Dated: Brooklyn, New York
June 28, 2005